UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

HOMER ANTHONY PETTY, )
)
Plaintiff, )
) No. 2:12-cv-324
v. )
) *Mattice /Lee*
COMMISSIONER OF SOCIAL SECURITY, )
)
Defendant. )

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 23].[1] Plaintiff requests that the fees be paid directly to his counsel. Plaintiff has submitted an affidavit with an itemized record of the time spent by his counsel on this case [Doc. 23 at Page ID # 125-26], as well as a fee agreement between Plaintiff and his counsel [Doc. 23 at Page ID #124]. In its response, Defendant opposes the amount of attorney's fees requested by Plaintiff, and further opposes the awarding of fees directly to Plaintiff's counsel [Doc. 25].

**I.   ENTITLEMENT TO FEES**

In order to recover attorney's fees under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. 28 U.S.C. § 2412(d); *see also Damron v.*

---

[1] This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

*Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). There is no dispute that Plaintiff is a prevailing party. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff's motion is timely. *See* Fed. R. App. P. 4(a)(1)(B), (a)(7); *Schaefer*, 509 U.S. at 298 (*quoting Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Third, Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. And fourth, in the absence of any opposition from Defendant, the Court finds no special circumstances warranting denial of fees. I therefore **CONCLUDE** Plaintiff is entitled to an award of a reasonable attorney's fee. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees").

## II. AMOUNT OF FEES

An attorney fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Plaintiff originally sought fees at an hourly rate of $185.00 for 40 hours of attorney work. Defendant responded that $185 per hour is excessive under the cost of living formula approved by this Court in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003). Defendant used the cost-of-living formula to calculate that the appropriate hourly rate for attorney work performed in 2012 is $173.40, and the appropriate hourly rate for attorney work performed in 2013 is $177.00. In reply, Plaintiff does not dispute these are the correct hourly rates.

Defendant further contends that Plaintiff's compensation request for 40 hours of attorney work is excessive, and should therefore be reduced. Plaintiff argues that his requested fee is reasonable. Both parties cite to *Hensley v. Eckerhart*, 461 U.S. 424 (1983), in support of their

2

arguments. In *Hensley*, the Supreme Court considered the issue of an appropriate attorney's fee, stating:

> The district court also should exclude from this initial fee calculation hours that were not reasonably expended. Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.* at 434 (internal citation omitted).

Courts must consider the "results obtained" by plaintiff, looking to see whether the plaintiff failed to prevail on claims "unrelated to the claims on which he succeeded," as well as whether the plaintiff's level of success reasonably justifies the hours expended. *Id.* Defendant argues Plaintiff was successful on only one issue, thus the hours spent on other issues should be excluded. While Plaintiff may have only been successful on one issue, the other claims raised by Plaintiff were related to the claim on which he succeeded, as all of Plaintiff's claims centered on the ALJ's erroneous unfavorable decision. I **CONCLUDE** that it is not appropriate to reduce the claim for fees in this case.

Defendant appears to argue that Plaintiff's counsel's request for 37 hours to prepare the motion for summary judgment and memorandum in support of the motion is excessive because Plaintiff's memorandum was only 13 pages long, "with only seven pages devoted to legal argument," and the memorandum "sets forth no novel or obscure issues of law that warranted 37.00 preparation hours." [Doc. 25 at Page ID # 134]. Plaintiff argues that the "per page" approach in calculating fees is inappropriate. Plaintiff cites a litany of EAJA fee application decisions finding as reasonable many more hours than the 40 requested by Plaintiff here.

3

Plaintiff's counsel expended 47 hours in preparing Plaintiff's case, but has voluntarily reduced his request by seven hours. Upon review of the file and the issues presented, I **CONCLUDE** that the 40 hours requested by Plaintiff is a reasonable number of hours expended on this case. I therefore **RECOMMEND** Plaintiff be awarded attorney's fees in the amount of $173.40 per hour for 33.5 hours of attorney time expended in 2012 (which equals $5,808.90) and attorney's fees in the amount of $177.00 per hour for 6.5 hours of attorney time expended in 2013 (which equals $1,150.50), for a total of **$6,959.40**.

Plaintiff specifically requests the award be paid to counsel pursuant to an assignment of fees agreement between Plaintiff and his counsel. Defendant opposes this request, arguing that any EAJA fees are payable to the litigant, not his attorney, citing *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-26 (2010). Plaintiff agrees with Defendant that any EAJA fees awarded to Plaintiff are subject to offset if Plaintiff has a pre-existing debt to the government.

Defendant further argues that the assignment is not valid pursuant to the Anti-Assignment Act ("AAA"), 31 U.S.C. § 3727. The AAA concerns "a transfer or assignment of any part of a claim against the United States Government . . . or the authorization to receive payment for any part of the claim" and further provides under subsection (b) that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." *Id*. Defendant argues the assignment signed by Plaintiff on behalf of his counsel is invalid pursuant to subsection (b) because it predates any award of EAJA fees. Defendant states that after any award of EAJA fees is made, Defendant will determine if Defendant owes a debt to the government, and Defendant will then determine whether to honor Plaintiff's assignment to his counsel. In this situation, courts have still issued the award to the

4

claimant and left it to Defendant's discretion to honor the claimant's assignment of fees to his or her attorney after the absence of debt is verified.

Accordingly, I **CONCLUDE** that the award is payable directly to Plaintiff. *See generally Ratliff*, 130 S.Ct. at 2525-26 (stating the statute "clearly distinguish[es] the party who receives the fees award (the litigant) from the attorney who performed the work that generated the fees"); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448-49 (6th Cir. 2009) ("Like the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

## III. CONCLUSION

Accordingly, I **RECOMMEND**[2] Plaintiff's motion for attorney's fees under the EAJA [Doc. 23] be **GRANTED** to the extent and that Plaintiff be awarded attorney's fees in the amount of **$6,959.40**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).